UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM FOX, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:05-cv-041-RLY-WGH |
| ) | |
| DR. TOM WEBSTER, et al., ) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Complaint and Dismissing Action With Prejudice

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial filing fee is not feasible at this time. However, for the reasons explained in this Entry, the action must be **dismissed** based on the failure of the complaint to state a claim upon which relief can be granted.

**I.**

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law.  28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Plaintiff Fox appears to have chosen the *Bivens* route, alleging that he was unjustly discharged and kept from working at his prison UNICOR job. Fox seeks injunctive relief and damages.

**II.**

**A.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). The complaint in this action is subject to the screening requirement of 28 U.S.C. § 1915A(b) pursuant to which a court shall dismiss a case if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.**

Fox complains that he was discharged from his UNICOR due to a medical condition, seizures, from which he has not suffered for years. However, because a prisoner has no constitutional right to prison employment or a particular job assignment, *Wallace v. Robinson*, 940 F.2d 243, 245, 248 (7th Cir. 1991) (*en banc*), or to any compensation at all for prison work, *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992), there is no violation of constitutional rights when he is discharged due to a medical decision, for the loss of employment is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); see Shabazz v. Cole, 69 F.Supp.2d 177, 202 (D.Mass. 1999).

**III.**

The complaint fails to state a claim upon which relief can be granted and must be dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/01/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana